UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SANTIAGO MIGUEL VERA ARTEAGA,

Petitioner,

v. Case No. 3:26-cv-2174-MMH-LLL

WARDEN, NORTH FLORIDA DETENTION FACILITY and U.S. ATTORNEY GENERAL,

Respondents.

---

# ORDER

Petitioner Santiago Miguel Vera Arteaga, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) on August 20, 2026. Border patrol agents encountered Vera Arteaga, a citizen of Venezuela, near the United States-Mexico border on August 9, 2023. Doc. 7-1 at 2. The United States Department of Homeland Security (DHS) processed Vera Artega for expedited removal. Id. Vera Arteaga asserted a fear of persecution or torture, which the immigration officials found to be credible. Doc. 7-2 at 1. Therefore, on June 25, 2025, DHS issued Vera Arteaga a notice to appear, placing him in full removal proceedings under section 240 of the Immigration and Nationality Act (INA) and directing that he appear before an immigration judge to show cause why he should not be removed from the

United States. Id. On April 11, 2026, United States Immigration and Customs Enforcement detained Vera Arteaga after local law enforcement arrested him for petit theft.[1] Doc. 7-3 at 2.

The crux of Vera Arteaga's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b).[2] See generally Doc. 1. As relief, he seeks, inter alia, immediate release. Id. at 7. The Federal Respondent filed a Response (Doc. 7) arguing that the Court lacks jurisdiction over the Petition. Id. at 3–5. However, the Federal Respondent further asserts that DHS is detaining Vera Arteaga under 8 U.S.C. § 1225(b)(1)(B)(ii), which mandates that he be detained while his asylum petition is pending. Id. at 5.

The Court is satisfied it has jurisdiction over Vera Arteaga's claims. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778 (M.D. Fla. Apr. 21, 2026); Lopez v. Rhoden, No. 3:26-CV-94-MMH-PDB, 2026 WL 931190 (M.D. Fla. Apr. 7, 2026). As to the merits, the Court finds that Vera Arteaga is not properly detained under § 1225(b)(1)(B)(ii) as the Federal

---

[1] An immigration judge ordered Vera Arteaga removed to Venezuela on April 29, 2026. Doc. 7-4 at 3–4. However, Vera Arteaga does not yet have a final order of removal because an appeal of the order is pending. Doc. 7-5 at 1–2; see 8 U.S.C. § 1101(a)(47)(B)(i) ("The order [of removal] . . . shall become final upon . . . a determination by the Board of Immigration Appeals affirming such order[.]").

[2] The Federal Respondent understands the Petition to raise a claim under the Immigration and Nationality Act. See generally Doc. 7. Therefore, the Court construes the Petition to assert a claim under that statute. See United States v. Ogiekpolor, 122 F.4th 1296, 1304 (11th Cir. 2024) ("[Courts] liberally construe pro se filings.").

Respondent contends. While § 1225(b)(1)(B)(ii) requires mandatory detention following a positive credible fear finding,[3] DHS chose not to enforce that provision and instead, released Vera-Arteaga.

Indeed, the United States Court of Appeals for the Eleventh Circuit recently concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Vera Arteaga, who was initially detained for expedited removal proceedings but released after a positive credible fear finding, its reasoning applies to this case. Vera Arteaga was not seeking entry at the border when he was re-detained. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the INA). Thus, his detention is properly governed by § 1226.

Because the Court finds that Vera Arteaga is not properly detained under § 1225(b)(1), and the Federal Respondent fails to substantively address any alternative, the Court finds that release is the appropriate remedy. See

[3] "If the officer determines at the time of the interview that an alien has a credible fear of persecution[,] . . . . the alien shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii).

Fonseca, 2026 WL 1072778, *5 (finding immediate release to be the appropriate remedy based on the government's inability to guarantee that a bond hearing would be held[4]).

Accordingly, it is **ORDERED**:

1. Vera Arteaga's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[5] Respondents shall release Vera Arteaga **within 24 hours of this Order**. At least **five (5) hours** before releasing him, Respondents shall provide Vera Arteaga with access to a telephone to arrange transportation from the detention facility.

2. Respondent Warden's Motion to Dismiss (Doc. 6) is **DENIED**. See, e.g., Fonseca, 2026 WL 1072778, *4–5.

---

[4] In the Fonseca case, the federal respondents represented that they would attempt to "facilitate" a bond hearing if the Court ordered one. Fonseca, 2026 WL 1072778, at *5. Here, the Federal Respondent did not include that statement in its Response. But the Court still finds that release is appropriate here. The Federal Respondent certifies that Vera Arteaga is held under § 1225(b)(1), see Doc. 7 at 2, and the Court finds that § 1225(b)(1) does not apply. Thus, without any lawful basis for this detention, Vera Arteaga is entitled to immediate release.

[5] The Court need not address Vera Arteaga's remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of September, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 9/25
c:
Santiago Miguel Vera Arteaga, #A241377518
Counsel of record